FILED VIA MAIL

MAR 24 2014

CLERK U.S.
MIDDLE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

RE:                                      )
                                         )    Case No. 8:01-bk-18976-MGW
         Martin Myers                    )
                                         )    Judge - Michael G. Williamson
                    Debtor(s)            )

MOTION TO RECONSIDER
MOTION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the undersigned, to move the Court to enter an order directing payment of unclaimed funds now on deposit in the Registry of the United States Bankruptcy Court. Claimant is a Creditor in the above captioned bankruptcy case and on whose behalf funds were deposited. I have a right to claim said funds due to the following:

PNC Bank, National Association filed an application for the recovery of unclaimed funds on February 3rd 2014 (docket #67).

The application was denied for the following reasons:

1) "The Movant did not supply an affidavit stating knowledge of state law requirements for being a personal representative".

To cure the courts concerns the following has been addressed: 1) PNC Bank, National Association is collecting on its own behalf and not as fund locator or personal representative. Therefor we are not required to complete an affidavit stating knowledge of state law requirements for being a personal representative.

2) "The Movant did not supply an original Power of Attorney".

To cure the courts concerns the following has been addressed: 2) PNC Bank, National Association is collecting on its own behalf and not as fund locator or personal representative. Therefor we are not required to complete Power of Attorney giving someone else authority.

3) "The corporate claimant has failed to provide a corporate power of attorney signed by an officer of the company with a corporate seal and a statement of the signing officer's authority".

To cure the courts concerns the following has been addressed: 3) a Secretaries Certificate with corporate seal has been included showing Lawrence Reynolds authority to act on behalf of PNC Bank, National Association.

It is requested of the Court to take into consideration the above facts and come to the conclusion that PNC Bank, National Association is the correct company to recover the unclaimed funds. Attached, is a true and accurate duplicate of the original motion on file with the Court.

The creditor's current mailing address is:

PNC Bank, National Association
Attn: David L. Zive, 1600 Market Street, 28th Floor, Philadelphia, PA 19103

215-585-6351
Last Four Digits of SS# or Tax ID Number: 6430
Amount of Claim: $6,383.61

Claimant certifies under penalty of perjury that all statements made by Claimant on this motion
and any attachments required for this Motion is, to the best of Claimant's knowledge, true and
correct. Accordingly, Claimant requests the Court to enter an Order authorizing payment of the
dividend due upon this claim.

I certify that I have mailed a copy of this Motion to the U.S. Attorney, Attn: Civil Procedures
Clerk, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602.

Date: 3/10/14

Lawrence Reynolds - Senior Vice President
PNC Bank, National Association

Sworn and subscribed to, before
this _____ 10 _____ day of _____ March _____, 20 14

Notary Public
for State of _____ Kentucky _____ County of _____ Jefferson _____
Commission Expires: 10-29-2014

## AFFIDAVIT OF SERVICE ON THE UNITED STATES ATTORNEY

In compliance with 28 USC section 2042, notice is hereby given that on _3/18/2014_ a copy of the Motion to Reconsider Application for Release of Unclaimed Funds was served on the United States Attorney for the Middle District of Florida by U.S. Mail (postage fully paid) at the following addresses:

U.S. Attorney
Attn: Civil Procedures Clerk
400 N .Tampa Street, Ste 3200
Tampa, FL 33602

Date: _3/10/14_

Lawrence Reynolds
Senior Vice President
PNC Bank, National Association
1600 Market Street, 28th Floor
Philadelphia, PA 19103

Sworn and subscribed to, before me this _10_ day of _March_, 20 _14_

Notary Public
for State of _Pennsylvania_ County of _Jefferson_
Commission Expires: _10-31-2014_

## CERTIFICATE OF SERVICE OF APPLICATION

Notice is hereby given that on __3/18/2014__ a <u>copy</u> of the Motion to Reconsider Application for Release of Unclaimed Funds was served on the following parties for the Middle District of Florida by U.S. Mail at the following addresses:

U.S. Attorney
Attn: Civil Procedures Clerk
400 N .Tampa Street, Ste 3200
Tampa, FL 33602

U.S. Trustee
501 E. Polk Street, Suite 1200
Tampa, FL 33602

Martin Myers
1009 Woodview Way
Bradenton, FL 34202

Furthermore, a <u>copy</u> of the Motion to Reconsider Application for Release of Unclaimed Funds was served on the following parties for the Middle District of Florida by electronic mail at the following email addresses:

R. John Cole, II
Attorney for Debtor
rjc@rjcolelaw.com

Shari Streit Jansen
Case Trustee
ShariJansen@comcast.net

Dated:__3/10/14__

Lawrence Reynolds, Senior Vice President
PNC Bank, National Association
1600 Market Street, 28th Floor
Philadelphia, PA 19103

[8unclfde] [Unclaimed Funds Order]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 8:01-bk-18976-MGW
Chapter 7

Martin Myers
1009 Woodview Way
Bradenton, FL 34202

Linda P. Myers
1009 Woodview Way
Bradenton, FL 34202

_____Debtor*_____/

ORDER DENYING MOTION FOR
PAYMENT OF UNCLAIMED FUNDS

THIS CASE came on for consideration , without a hearing, upon the Motion for Payment of Unclaimed Funds ("Motion") filed by PNC Bank, National Association . The Motion fails to fulfill the requirements of 28 U.S.C. Section 2042 and the financial guidelines for the U.S. Bankruptcy Court, Middle District of Florida as follows:

☐ Lack of proof of service upon the United States Attorney, Attn: Civil Process Clerk, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602.

☐ The Movant did not supply the last four digits of the Social Security Number or Tax Identification Number of the claimant.

☐ The individual claimant has failed to provide proof of identity by way of a copy of the driver's license.

☒ The Movant did not supply an affidavit stating knowledge of state law requirements for being a personal representative.

☐ The funds locator has failed to provide evidence of proper authority to obtain funds.

☒ The corporate claimant has failed to provide a corporate power of attorney signed by an officer of the company, with a corporate seal and a statement of the signing officer's authority.

☐ The Movant did not supply a name, mailing address and/or telephone number of the claimant.

☒ The Movant did not supply an original Power of Attorney.

☐ The Movant did not supply a certified copy of the decedent's death certificate and/or certified copies of all probate documents that substantiate the right to act on behalf of the decedent's estate.

☐ The Movant did not supply sufficient documentation evidencing the transfer of the claim or proof of purchase/sale of the assets.

13909005789018

☐ There are no remaining unclaimed funds on deposit in this case.

☐ There are no funds on deposit in the name of the movant.

☐ The amount of funds requested does not match the amount held in the Court Registry.

☐

Accordingly, it is

**ORDERED** that the Motion for Payment of Unclaimed Funds filed by PNC Bank, National Association is denied.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on February 6, 2014 .

_Michael G. Williamson_

---

Michael G. Williamson
United States Bankruptcy Judge
*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.



## CERTIFICATE

The undersigned,  Deborah L. Falkowski,  a duly appointed  Assistant Secretary  of PNC Bank, National Association (the "Bank"), does hereby certify that:

(1)    the following is a true and correct copy of an excerpt from the By-Laws of the Bank and a true and correct copy of Resolutions adopted by the Board of Directors of the Bank on April 23, 2013;

(2)    the excerpt from the By-Laws of the Bank and Resolutions described above are in full force and effect as of the date of this Certificate; and

(3)    Lawrence E. Reynolds  is a duly appointed  Senior Vice President  of the Bank.

*Excerpt from By-Laws of PNC Bank, National Association*

"Article VI.  General Powers of Officers

Section 1.  The corporate seal of the Bank may be imprinted or affixed by any process.  The Secretary and any other officers authorized by resolution of the Board of Directors shall have authority to affix and attest the corporate seal of the Bank.

Section 2.  The authority of officers and employees of this Bank to execute documents and instruments on its behalf in cases not specifically provided for in these By-Laws shall be as determined from time to time by the Board of Directors, or, in the case of employees, by officers in accordance with authority given them by the Board of Directors."

*Board Resolutions Adopted April 23, 2013*

NOW, THEREFORE, BE IT RESOLVED, that the Chief Executive Officer, the President, each Senior Vice Chairman, each Vice Chairman, each Executive Vice President, each Senior Vice President, each Vice President, each Assistant Vice President, the Treasurer and each Assistant Treasurer, the Cashier and each Assistant Cashier, the Secretary and each Assistant Secretary, each Trust Officer and Assistant Trust Officer, each Chief Investment Officer, each Regional President or chief executive of a business region, the General Counsel, each Deputy General Counsel and each Chief Counsel (the "Authorizing Officers") of PNC Bank, National Association (the "Bank") shall have the authority to affix and attest the seal of the Bank;

RESOLVED FURTHER, that the Authorizing Officers of the Bank, and any other officers acting at the discretion of any officer authorized to affix and attest the seal of the Bank, are and each of them is hereby authorized and empowered in the name and on behalf of the Bank to execute, acknowledge and deliver any and all agreements, instruments, or other documents relating to the property or rights of all kinds held or owned by the Bank or to the operation of the Bank, either for its own account or in any agency or fiduciary capacity. Notwithstanding the foregoing, any and all agreements of sale, contracts, deeds and other documentation pertaining to the purchase, sale or transfer of real estate or buildings occupied by the Bank in the transaction of its business shall be executed in accordance with the terms of resolutions adopted from time to time in connection therewith and specifically designating the officer or officers authorized to execute the same;

RESOLVED FURTHER, that the Bank's Chief Executive Officer, President, Secretary, or any Senior Vice Chairman, Vice Chairman, or Executive Vice President or any of them, is authorized to name, constitute and appoint such person or persons as they or any of them deem necessary as attorney-in-fact for the Bank, to execute documents for and in its name and stead, and to perform all other acts, deeds and things as may be required to effect the particular transactions for which the appointment is made;

RESOLVED FURTHER, that the Bank's Chief Executive Officer, President, Secretary, or any Senior Vice Chairman, Vice Chairman, or Executive Vice President or any of them, is authorized to name, constitute and appoint such person or persons employed by the Corporation or any of its wholly owned direct or indirect subsidiaries as they or any of them deem necessary as attorney-in-fact for the Bank, to execute documents for and in its name and stead, and to perform all other acts, deeds and things as may be required to effect the particular transactions for which the appointment is made;

RESOLVED FURTHER, that any officer of the Bank and any non-officer employee of the Corporation or the Bank (or any affiliate of the Corporation or Bank) designated in writing by the Chief Executive Officer, the President, any Senior Vice Chairman, Vice Chairman, Executive Vice President or Senior Vice President of the Corporation or Bank, are each hereby authorized and empowered:

(a)     To sign or countersign checks, drafts, acceptances, guarantees of signatures on assignments of securities, certificates of securities of entities for whom the Bank is acting as registrar or transfer agent or in a fiduciary or representative capacity, correspondence or other papers or documents not ordinarily requiring execution under seal; and

(b)     To receive any sums of money or property due or owing to the Bank in its own right, as an agent for another party, or in any fiduciary or representative capacity and, either as attorney-in-fact for the Bank or otherwise, to sign or countersign agreements, instruments, or other documents related to the foreclosure of residential real estate loans owned or serviced by the Corporation or the Bank or the enforcement of any other rights and remedies with respect to such loans (including, without limitation, in a bankruptcy or insolvency proceeding), including, without limitation, correspondence, affidavits, certifications, declarations, deeds, substitutions of trustee, verifications, assignments, powers of attorney, sales contracts or any other papers or documents, to execute any instrument of satisfaction for any mortgage, deed of trust, judgment or lien in the Office of the Recorder of Deeds, Prothonotary, or other office or court of record in any jurisdiction, provided, however, that in respect to any mortgage or deed of trust made to this Bank as trustee for bondholders, the foregoing authority shall be exercised only pursuant to an authorization of the Board of Directors or committee of the Board of Directors with oversight of fiduciary risk.

General

RESOLVED FURTHER, that the Authorized Officers of the Bank, and each of them, are authorized to do any and all things and to take any and all actions in connection with these resolutions, including, but not limited to, the execution, delivery, acknowledgement, submitting, filing, recording and sealing of all documents, certificates, statements or other instruments, and the making of any expenditures, which such officers may deem necessary or advisable in order to carry out the intent and purposes of these resolutions; and

RESOLVED FURTHER, that all actions heretofore taken by any of the officers, representatives or agents of the Bank, by or on behalf of the Bank or any of its affiliates in connection with the foregoing resolutions be, and each of the same is, ratified and approved; and

RESOLVED FURTHER, that for purposes of the foregoing resolutions, the term "Authorized Officer" shall mean and include, as applicable, the Chairman, Chief Executive Officer, President, Senior Vice Chairman, Chief Financial Officer, Secretary or Treasurer of the Bank, or any Vice Chairman, Executive Vice President, Senior Vice President, Vice President, Assistant Secretary or Assistant Treasurer of the Bank or any other duly appointed officer of the Bank.

IN WITNESS WHEREOF, the undersigned has hereunto set her hand and affixed the seal of the Association this 20th day of February, 2014.

_Deborah L. Falkowski_
Deborah L. Falkowski

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

RE:                          )
                            )   Case No. 8:01-bk-18976-MGW
      Martin Myers         )
                            )   Judge - Michael G. Williamson
            Debtor(s)     )

## MOTION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the undersigned, to move the Court to enter an order directing payment of unclaimed funds now on deposit in the Registry of the United States Bankruptcy Court. Claimant is a Creditor in the above captioned bankruptcy case and on whose behalf funds were deposited. I have a right to claim said funds due to the following:

The original dividend check was sent to a 1432 First Street, Sarasota, FL 34236. That address is no longer valid. The current address is listed below. The change in mailing address may have prevented the original dividend check from being cashed. Furthermore The Provident Bank Merged without Assistance into National City Bank as evidenced by exhibit A. National City Bank Merged without Assistance into PNC Bank, National Association as evidenced by exhibit B.

        The creditor's current mailing address is:

PNC Bank, National Association
Attn: David L. Zive, 1600 Market Street, 28th Floor, Philadelphia, PA 19103
215-585-6351
Last Four Digits of SS# or Tax ID Number: 6430
Amount of Claim: $6,383.61

Claimant certifies under penalty of perjury that all statements made by Claimant on this motion and any attachments required for this Motion is, to the best of Claimant's knowledge, true and correct. Accordingly, Claimant requests the Court to enter an Order authorizing payment of the dividend due upon this claim.

I certify that I have mailed a copy of this Motion to the U.S. Attorney, Attn: Civil Procedures Clerk, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602.

Date: 1/23/14

Lawrence Reynolds - Senior Vice President
PNC Bank, National Association

Sworn and subscribed to, before me this 23 day of Jan, 20 14

Notary Public
for State of Va, County of Jefferson
Commission Expires: 10-30-2014

COPY


**PNC**

Lawrence E. Reynolds
Senior Vice President
T 502-581-2171  F 502-581-2430
lawrence.reynolds@pnc.com

The PNC Financial Services Group
101 South Fifth Street
Louisville Kentucky 40202

COPY

## AFFIDAVIT OF SERVICE ON THE UNITED STATES ATTORNEY

In compliance with 28 USC section 2042, notice is hereby given that on __1/23/14__

a <u>copy</u> of the Application for Release of Unclaimed Funds was served on the United

States Attorney for the Middle District of Florida by U.S. Mail (postage fully paid) at the

following addresses:

U.S. Attorney
Attn: Civil Procedures Clerk
400 N .Tampa Street, Ste 3200
Tampa, FL 33602

Date: __1/23/14__

Lawrence Reynolds
Senior Vice President
PNC Bank, National Association
1600 Market Street, 28th Floor
Philadelphia, PA 19103

Sworn and subscribed to, before me
this __23__ day of __Jan__ , 20__14__

Notary Public
for State of __Ky__ , County of __Jefferson__
Commission Expires: __10-29-2014__

**COPY**

## CERTIFICATE OF SERVICE OF APPLICATION

Notice is hereby given that on ___1/23/14___ a copy of the Application for
Release of Unclaimed Funds was served on the following parties for the Middle District
of Florida by U.S. Mail at the following addresses:

U.S. Attorney
Attn: Civil Procedures Clerk
400 N .Tampa Street, Ste 3200
Tampa, FL 33602

U.S. Trustee
501 E. Polk Street, Suite 1200
Tampa, FL 33602

Martin Myers
1009 Woodview Way
Bradenton, FL 34202

Furthermore, a copy of the Application for Release of Unclaimed Funds was served on
the following parties for the Middle District of Florida by electronic mail at the following
email addresses:

R. John Cole, II
Attorney for Debtor
rjc@rjcolelaw.com

Shari Streit Jansen
Case Trustee
ShariJansen@comcast.net

Dated: _1/23/14_

Lawrence Reynolds - Senior Vice President
PNC Bank, National Association
1600 Market Street, 28th Floor
Philadelphia, PA 19103

# COPY

FDIC: Institution Directory



| Key demographic information as of December 5, 2013 | | |
|---|---|---|
| **The Provident Bank** | | |
| 1 East 4th Street | | |
| Cincinnati,OH 45202 | | |

| | | |
|---|---|---|
| FDIC Certificate #: | 744 | Date Established:    11/10/1900 |
| Bank Charter Class: | Federal Reserve Member | Date of Deposit Insurance:    1/1/1934 |
| Primary Federal Regulator: | Federal Reserve Board | More Demographic Information → |
| Primary Internet Web Address: | Web site not available. | Generate History → |

**This is an inactive institution.**

| | |
|---|---|
| Inactive as of: | March 4, 2005 |
| Closing history: | Merged without Assistance into |
| Acquiring Institution: | National City Bank - (6557) |



Information Gateway

ID Report Selections:

Report Date:

----------------------------More Information----------------------------

- ❶ Current List of Offices not available
- ❶ Compare to Peer Group(s)
- ❶ FFIEC Call/TFR Report not available
- ❶ FFIEC Uniform Bank Performance Report (UBPR)
- ❶ FDIC/OTS Summary of Deposits

- ❶ Bank Holding Company Ownership and Affiliates not available
- ❶ Regional Economic Conditions (FDIC RECON)
- ❶ Organization Hierarchy from the Federal Reserve System
- ❶ FED CRA ratings
- ❶ Consumer Assistance from Primary Federal Regulator

| Press ❶ for description |
|---|

Exhibit A



FDIC: Institution Directory



| | | | |
|---|---|---|---|
| Key demographic information as of December 5, 2013 | | | |

## National City Bank
1900 East Ninth Street
Cleveland,OH 44114

| | | | |
|---|---|---|---|
| FDIC Certificate #: | 6557 | Date Established: | 5/17/1845 |
| Bank Charter Class: | National Bank | Date of Deposit Insurance: | 1/1/1934 |
| Primary Federal Regulator: | Office of the Comptroller of the Currency | More Demographic Information → | |
| Primary Internet Web Address: | Web site not available. | Generate History → | |

**This is an inactive institution.**

Inactive as of: November 6, 2009
Closing history: Merged without Assistance into
Acquiring Institution: PNC Bank, National Association - (6384)

Information Gateway

**ID Report Selections:**

**Report Date:**

------More Information------

❶ Current List of Offices not available
❶ Compare to Peer Group(s)
❶ FFIEC Call/TFR Report 9/30/2009 Latest Available
❶ FFIEC Uniform Bank Performance Report (UBPR)
❶ FDIC/OTS Summary of Deposits

❶ Bank Holding Company Ownership and Affiliates not available
❶ Regional Economic Conditions (FDIC RECON)
❶ Organization Hierarchy from the Federal Reserve System
❶ OCC CRA ratings
❶ Consumer Assistance from Primary Federal Regulator

Press ❶ for description

## Exhibit B
# COPY

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

RE:                                    )
                                       )    Case No. 8:01-bk-18976-MGW
        Martin Myers                   )
                                       )    Judge - Michael G. Williamson
                    Debtor(s)          )

## ORDER DIRECTING RELEASE OF UNCLAIMED FUNDS

This case came before the Court upon the motion filed by PNC Bank, National Association, a party in the above referenced case, for release of funds being held in the Court's registry account of unclaimed funds. Upon consideration the Court finds that the party has furnished all necessary documentation and otherwise has complied with the requirements for release of the unclaimed funds.

IT IS ORDERED that the motion is granted and that the Clerk of Court shall pay the unclaimed funds in the amount of $6,383.61 to PNC Bank, National Association, Attn: David L. Zive 1600 Market Street, 28th Floor, Philadelphia, PA 19103.

Dated: _____          _____
                                 Michael G. Williamson
                                 United States Bankruptcy Judge

Copy furnished to Financial Administrator
United States Attorney

COPY

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

RE:                                        )
                                           )    Case No. 8:01-bk-18976-MGW
           Martin Myers                    )
                                           )    Judge - Michael G. Williamson
                    Debtor(s)              )

## ORDER DIRECTING RELEASE OF UNCLAIMED FUNDS

This case came before the Court upon the motion filed by PNC Bank, National Association, a party in the above referenced case, for release of funds being held in the Court's registry account of unclaimed funds. Upon consideration the Court finds that the party has furnished all necessary documentation and otherwise has complied with the requirements for release of the unclaimed funds.

IT IS ORDERED that the motion is granted and that the Clerk of Court shall pay the unclaimed funds in the amount of $6,383.61 to PNC Bank, National Association, Attn: David L. Zive 1600 Market Street, 28th Floor, Philadelphia, PA 19103.

Dated: _____          _____
                                Michael G. Williamson
                                United States Bankruptcy Judge

Copy furnished to Financial Administrator
United States Attorney